In the Matter of STANDARD GAS AND ELECTRIC COMPANY, State of New York, Appellant.

No. 18334.

United States Court of Appeals, Third Circuit.

Argued Sept. 14, 1970.

Decided Sept. 25, 1970.

Joel Lewittes, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen., State of N. Y., New York City, Samuel A. Hirshowitz, First Asst. Atty. Gen., on the brief), for appellant.

Victor Brudney, Hellerstein, Rosier & Rembar, New York City (George Rosier, New York City, on the brief), for appellee Standard Gas.

Aaron Levy, S.E.C., Washington, D. C., for appellee, S.E.C.

Before STALEY, SEITZ and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

The Securities and Exchange Commission applied to the district court pursuant to § 11(e) and § 18(f) of the Public Utility Holding Company Act, 15 U.S.C. §§ 79k(e), 79r(f) (1964), for an order approving and enforcing the provisions of the final step of a Plan of Liquidation and Dissolution of Standard Gas and Electric Company. The Plan, filed by the utility and approved by the Commission, provided for the termination of all rights of unknown Standard stockholders to unclaimed distributions in liquidation approved prior to the final step, and for the distribution of such unclaimed distributions to the known stockholders of Standard who had filed claims.

The Comptroller of the State of New York objected to the Commission's application insofar as it sought approval of a tontine distribution of unclaimed liquidating dividends to Standard's known stockholders. He asserted a claim under Article V of the New York State Abandoned Property Law §§ 500–504 (McKinney's Consol.Laws, c. 1, Supp. 1969). He claimed that the tontine distribution proposed was impermissible under the "fair and equitable" standard imposed on such plans by § 11(e) of the Public Utility Holding Company Act.

The eighteen year factual and procedural history of this liquidation is set forth in the opinion of the district court. 301 F.Supp. 1382 (D.Del.1969). The Commission required Standard to make an extensive search for its unknown stockholders. When satisfied with the thoroughness of that search, the Commission approved both a provision in the plan barring claimants who failed to claim by a specified date, and a tontine distribution of the unclaimed amounts. This course has been the uniform practice of the Commission in Public Utility Holding Company Act liquidations.[1]

The district court concluded that the Commission's action was authorized by § 11(e) of the act, and overruled New York's objections to approval and enforcement. Our examination of the statute, in the light of its intended purpose, and of the record before the district court, convinces us that the conclusion was correct. The only other litigated case which has considered the issue reached a similar conclusion. In re Central States Power & Light Corp., 74 F.Supp. 360 (D.Del.1947). The order overruling objections and disallowing the claim of the State of New York will be affirmed.

---

1. See e. g., Arkansas Fuel Oil Corp., 40 S.E.C. 26, 42 (1960); United Gas Improvement Co., 33 S.E.C. 729, 735 (1952); Green Mountain Power Corp., 32 S.E.C. 329, 336 (1951); Sioux City Gas and Electric Co., 30 S.E.C. 5, 13 (1949); Commonwealth & Southern Corp., 28 S.E.C. 491, 501 (1946); American States Utilities Corp., 22 S.E.C. 491, 501 (1946).